UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUAN C. SALAS, : | |
| : | Civil Action |
| Petitioner, : | No. 11-5154 (NLH) |
| : | |
| v. : | |
| : | |
| CHARLES WARREN et al., : | |
| : | **MEMORANDUM OPINION & ORDER** |
| Respondents. : | |

This matter comes before the Court upon Petitioner's filing of a habeas petition, pursuant to 28 U.S.C. § 2254, see Docket Entry No. 1, and his motion seeking a stay and abeyance of his petition, and it appearing that:

1. On September 8, 2011, Petitioner filed a Petition for Writ of Habeas Corpus stating that he was convicted in the Superior Court of New Jersey Law Division ("Law Division") on May 13, 2005. See Docket Entry No. 1, at 1. The Court's own research indicates that his conviction was affirmed by the Superior Court of New Jersey Appellate Division ("Appellate Division") on July 3, 2007. See State v. Salas, 2011 WL 204910, at *1 (N.J.Super.Ct.App.Div. Jan. 24, 2011) (referring to the decision reached in State v. Salas, No. A-5553-04 (N.J. Super.Ct.App.Div. July 3, 2007)). It appears that Petitioner did not seek certification from the Supreme Court of New Jersey.

2.  Petitioner asserts that he filed his application for post-conviction relief ("PCR") on January 24, 2008.  See Docket Entry No. 1, at 2.  That PCR application was denied by the Law Division, and the Appellate Division affirmed the denial on January 24, 2011.  See Salas, 2011 WL 204910, at *1.  Petitioner sought certification from the Supreme Court of New Jersey which denied his application on July 14, 2011.  See State v. Salas, 207 N.J. 189 (2011).

3.  The habeas petition was executed on August 26, 2011 and filed on this Court's docket on September 8, 2011.[1]

4.  On October 27, 2011, Petitioner moved this Court for a stay and abeyance of his habeas petition stating that, as of October 25, 2011, he had filed (on an unspecified date) a second PCR application with the state.[2]

---

[1] According to the "prison mailbox rule," an inmate's petition is deemed filed on the date when he actually submits his petition to his prison authorities for mailing to this Court. See Longenette v. Krusing, 322 F.3d 758, 761 (3d Cir. 2003) (relying on Houston v. Lack, 487 U.S. 266(1988)).  It is self-evident that such filing cannot occur prior to the date of the inmate's execution of his petition or after the date of the Clerk's receipt of the same.

[2] New Jersey Court Rule 3:22-12, which poses a five-year limitation period for the filing of post-conviction relief petitions, Rule 3:22-4, which bars any ground for relief not raised in a prior post-conviction relief proceeding, and Rule 3:22-5, which provides that a prior adjudication upon the merits of any ground for relief is conclusive, are subject to relaxation.  See State v. Preciose, 129 N.J. 451, 454, (1992); State v. Mitchell, 126 N.J. 565 (1992); State v. Johns, 111 N.J. Super 574, 576 (App. Div. 1970).  This Court, however, stresses that no statement made in this Memorandum Opinion and Order shall

5.    It appears that Petitioner is concerned that: (a) his second PCR application might be dismissed by the state courts as untimely (and, thus, it might not qualify as an application "properly filed" with the state courts); and (b) such development would disqualify Petitioner from eligibility for statutory tolling of his AEDPA period during the pendency of this second PCR proceeding.³ Correspondingly, it appears that

---

be construed as expressing this Court's position as to whether Petitioner's second PCR was timely or was untimely but could qualify for relaxed application of state law.  Such matters are for the state courts.

   ³ On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1).  A state-court criminal judgment becomes "final" within the meaning of §2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.  Where a litigant does not seek certification from the Supreme Court of New Jersey as to his direct appeal, his judgment of conviction becomes final, and his AEDPA period of limitations begins to run, when his time to file such petition for certification expires, see Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999), i.e., forty-five days after the Appellate Division entered its decision.  See N.J. Rules 2:4-1(a) ("Appeals from final judgments of courts . . . shall be taken within 45 days of their entry").  The statute of limitations under § 2244(d) is subject to statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending," 28 U.S.C. § 2244(d)(2), provided that the application to the state court seeking

>Petitioner is concerned that – in the event he withdraws his instant petition and files another Section 2254 petition upon having his second PCR application disposed of by the state courts one way or another – his AEDPA period might be long expired by the time of such second Section 2254 filing, and Petitioner might be time-barred from obtaining federal habeas review.

6. Petitioner's concerns are not unwarranted.  Indeed, since strict compliance with this total exhaustion rule can create procedural dilemmas for some petitioners who may be unable to fully exhaust state remedies on mixed claim petitions, the courts have adopted a procedure which may be employed in a limited number of cases: a "stay and abeyance" measure in which the federal habeas petition is stayed pending exhaustion of state remedies by the petitioner. See Rhines v. Weber, 544 U.S. 269 (2005).  Yet, while granting a stay and abeyance is an available measure, it is not an automatic course of action.  Because the stay and abeyance measure, if used too frequently, can undermine the policies favoring prompt and orderly resolution of state habeas petitions, the Supreme Court has held that:

>>[S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to

---

collateral review was filed during the AEDPA period.

> present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

Rhines v. Weber, 544 U.S. at 277. Therefore, in order to qualify for a stay and abeyance, the litigant should "satisf[y] the three requirements for a stay as laid out in Rhines: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics." Heleva v. Brooks, 581 F.3d 187, 192 (3d. Cir. 2009).

7. Here, Petitioner asserts in his motion that his need to file a second PCR application resulted from: (a) his first PCR counsel's failure to submit Petitioner's pro se PCR brief; and (b) Petitioner's learning of recent Supreme Court decisions that might have relevance to Petitioner, who was a juvenile charged as adult and sentenced to life imprisonment without the possibility of parole. The Court finds Petitioner has provided good cause as to why he could not (or did not) raise the claims asserted in his second PCR application sooner. The Court also finds that Petitioner might have potentially

       meritorious claims, and finds no indication of intentional dilatory litigation tactics on the part of Petitioner.[4]

8. Where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines v. Weber, 544 U.S. at 278; see also Crews v. Horn, 360 F.3d 146, 154 (3d Cir. 2004) ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court. If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc").

9. The Court, therefore, will grant Petitioner's motion, and will explicitly condition the stay on Petitioner's returning to this Court within 30 days after state court exhaustion of

---

[4] It appears that, in a gray-area scenario, the court should grant a habeas litigant the benefit of the doubt. See Gully v. Ortiz, 2007 U.S. Dist. LEXIS 77825 (D.N.J. Oct. 19, 2007); accord Williams v. Ricci, 2009 U.S. Dist. LEXIS 57582 (D.N.J. July 6, 2009) (relying on Urcinoli v. Cathel, 546 F.3d 269, 272 (3d Cir. 2008), for the observation that, "the overall gist of the pertinent law suggests that, when faced with an ambiguous situation, the District Court should, out of abundance of caution, err on the side of ensuring that the litigant's opportunity to seek full federal habeas review is preserved").

Petitioner's second PCR application is complete.[5]  See Rhines, 544 U.S. at 278.

IT IS, therefore, on this  8th  day of   June  , 2012,

**ORDERED** that Petitioner's Motion for Stay and Abeyance [3], is **GRANTED**; and it is further

**ORDERED** that this matter is stayed; and it is further

**ORDERED** that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading, "CIVIL CASE ADMINISTRATIVELY TERMINATED";[6] and it is further

**ORDERED** that Petitioner shall file his all-inclusive amended petition[7]  with  this  Court  within  30  days  from  the  date  of

---

[5]  The Court stresses that its grant of a stay and abeyance shall not be construed as this Court's opinion about the validity or invalidity of Petitioner's claims for the purposes of federal habeas review: the Rhines test of "potential meritoriousness" is qualitatively different from that applied at habeas review, where the court may grant a writ only if the state courts failed to identify the correct governing legal principle from the Supreme Court's decisions or identified the correct principle but unreasonably applied it to the facts of the prisoner's case.  See Williams v. Taylor, 529 U.S. 362, 413 (2000).

[6]  Administrative termination is not a dismissal on merits.

[7]  The Court takes this opportunity to inform Petitioner that -- under the AEDPA -- petitioners challenging the legality of their detention pursuant to a State decision must raise in one § 2254 application all the arguments they have to collaterally attack that decision.  See 28 U.S.C. § 2244(d).  Therefore, all claims that Petitioner wishes to assert for the purposes of federal habeas review must be stated in his amended petition.  If Petitioner fails to include in his amended petition some claims he wishes to present for federal habeas review, then Petitioner will lose his ability to file a second or successive application under § 2254, absent certification by the Court of Appeals and extraordinary circumstances.  Thus, Petitioner's amended petition

completion of his second post-conviction relief proceedings; and it is further

**ORDERED** that, in the event Petitioner timely files his amended petition, that amended petition would be deemed timely in the event Petitioner's original petition, docketed in this matter as Docket Entry No. 1, was timely filed; and it is further

**ORDERED** that, in the event Petitioner timely files his amended petition, the Court will direct the Clerk to reopen this matter and will address Petitioner's amended petition on the merits (provided that all Petitioner's claims are duly exhausted and his original petition was timely filed); and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by certified mail, return receipt requested.

      s/Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

At Camden, New Jersey

---

must state all his claims.  See Mason v. Meyers, 208 F.3d 414.