UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
——————————————————————  :
                         :
JUAN C. SALAS,           :
                         :     Civil Action
          Petitioner,    :     No. 11-5154 (NLH)
                         :
     v.                  :
                         :
CHARLES WARREN et al.,   :
                         :
          Respondents.   :
——————————————————————  :
                         :
JUAN C. SALAS,           :
                         :
          Petitioner,    :     Civil Action
                         :     No. 12-4275 (NLH)
     v.                  :
                         :
CHARLES WARREN,          :     MEMORANDUM OPINION & ORDER
                         :     APPLIES TO BOTH ACTIONS
          Respondent.    :
                         :
——————————————————————  :
```

IT APPEARING THAT:

1.   On September 8, 2011, the Clerk received Petitioner's § 2254
     habeas application that gave rise to Salas v. Warren
     ("Salas-I"), Civil Action No. 11-5154 (NLH) (D.N.J.).  See
     Salas-I, Docket Entry No. 1.  The Salas-I petition indicated
     that Petition was convicted in the New Jersey Superior Court
     Law Division on May 13, 2005.  See id. at  1.  The Court's
     own research determined that his conviction was affirmed by
     the Appellate Division on July 3, 2007.  See State v. Salas,
     2011 WL 204910, at *1 (N.J. Super. Ct. App. Div. Jan. 24,
     2011) (referring to the decision reached in State v. Salas,
     No. A-5553-04 (N.J. Super. Ct. App. Div. July 3, 2007)).

Petitioner did not seek certification from the Supreme Court of New Jersey with regard to Petitioner's direct appellate challenges. <u>See</u> <u>State v. Salas</u>, 2011 WL 204910, at *1 ("Defendant did not seek certification from the Supreme Court").

2. The <u>Salas-I</u> petition asserted that Petitioner filed an application for post-conviction relief ("PCR") on January 24, 2008. <u>See</u> <u>Salas-I</u>, Docket Entry No. 1, at 2. That PCR application was denied by the Law Division on the merits, and the denial was affirmed by the Appellate Division on January 24, 2011. <u>See</u> <u>Salas</u>, 2011 WL 204910. Petitioner sought certification from the Supreme Court of New Jersey as to that PCR; his application to that effect was denied on July 14, 2011. <u>See</u> <u>State v. Salas</u>, 207 N.J. 189 (2011).

3. On October 27, 2011, Petitioner moved this Court for stay and abeyance of his <u>Salas-I</u> petition indicating that, as of October 25, 2011, he had already filed his second PCR application with the state courts. <u>See</u> <u>Salas-I</u>, Docket Entry No. 3. The Court granted Petitioner's request and, on June 8, 2012, ordered a stay. <u>See</u> <u>id.</u>, Docket Entry No. 6. In conjunction with ordering stay, this Court informed Petitioner of his rights, pursuant to the holding of <u>Mason v. Meyers</u>, 208 F.3 414 (3d Cir. 2000). <u>See</u> <u>Salas-I</u>, Docket Entry No. 6, at 8-9, n. 7.

2

4.    On June 19, 2012, Petitioner submitted in <u>Salas-I</u> a letter indicating that: (a) his second PCR application was denied by the Law Division as untimely (seemingly, without reaching the merits of Petitioner's second PCR challenges); but (b) he, nonetheless, wished to include in his <u>Salas-I</u> federal habeas application the very challenges raised and dismissed in that second untimely PCR application.  <u>See</u> <u>id.</u>, Docket Entry No. 8.  The letter closed with a request to provide Petitioner with a blank Section 2254 petition form in order to enable his execution of an all-inclusive amended petition.  <u>See</u> <u>id.</u> at 1.

5.    Less than two weeks later, the Clerk received another § 2254 habeas application from Petitioner; that submission gave rise to <u>Salas v. Warren</u> ("<u>Salas-II</u>"), Civil Action No. 12-4275 (NLH) (D.N.J.).  <u>See</u>  <u>Salas-II</u>, Docket Entry No. 1.

6.    It appears self-evident that Petitioner's <u>Salas-II</u> action is duplicative of his <u>Salas-I</u> proceeding.

> The power of a federal court to prevent duplicative litigation is intended "to foster judicial economy and the 'comprehensive disposition of litigation,'" <u>Curtis v. Citibank, N.A.</u>, 226 F.3d 133, 138 (2d Cir. 2000) (quoting <u>Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.</u>, 342 U.S. 180, 183 (1952)), and "to protect parties from 'the vexation of concurrent litigation over the same subject matter.'"  <u>Id.</u> (quoting <u>Adam v. Jacobs</u>, 950 F.2d 89, 93 (2d Cir. 1991)).

Porter v. NationsCredit Consumer Disc. Co., 2003 Bankr. LEXIS 933, at *33 (Bankr. E.D. Pa. 2003). Thus, the Court will direct the Clerk to terminate Salas-II and will proceed solely with Petitioner's Salas-I action; the election in favor of Salas-I is made order to eliminate any statute of limitations concerns.[1]  See Urcinoli v. Cathel, 546 F. 3d 269, 272 (3d Cir. 2008).

7.  However, taking notice of Petitioner's letter indicating that he wishes to raise, in Salas-I: (a) all his state and federal law based challenges raised on direct appeal to the Appellate Division but not challenged before the Supreme Court of New Jersey; (b) all his state and federal law based challenges raised, during his first PCR, to the Law Division, Appellate Division and the Supreme Court of New Jersey; and (c) all his state and federal law based challenges raised and dismissed as untimely during his second PCR, this Court finds it warranted to note the following legal concepts which Petitioner should consider prior to executing his all-inclusive petition.

   a.  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the

---

[1]  Hence, if Petitioner § 2254 habeas petition was timely at the date of Petitioner's handing of his Salas-I petition to his prison officials, Petitioner's federal habeas challenges would be deemed timely regardless of any and all procedural developments that have taken place in Salas-I and Salas-II.

Constitution, laws, or treaties of the United States."
Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28
U.S.C. § 2254(a); accord Barry v. Bergen County
Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997).
"Federal courts hold no supervisory authority over
state judicial proceedings and may intervene only to
correct wrongs of constitutional dimension." Smith v.
Phillips, 455 U.S. 209, 221 (1982). "If a state
prisoner alleges no deprivation of a federal right, §
2254 is simply inapplicable. It is unnecessary in such
a situation to inquire whether the prisoner preserved
his claim before the state courts." Engle v. Isaac,
456 U.S. 107, 120 n.19 (1982). "[E]rrors of state law
cannot be repackaged as federal errors simply by citing
the Due Process Clause." Johnson v. Rosemeyer, 117
F.3d 104, 110 (3d Cir. 1997). Moreover, "it is well
established that a state court's misapplication of its
own law does not generally raise a constitutional
claim." Smith v. Horn, 120 F.3d 400, 414 (3d Cir.
1997) (citation  omitted); see also Smith v. Zimmerman,
768 F.2d 69, 71, 73 (3d Cir. 1985). Therefore,
Petitioner's challenges should be limited to, and only

to, claim based on federal law that were duly exhausted
in the state courts.[2]

---

[2]  The petitioner generally bears the burden to prove all
facts establishing exhaustion.  See Toulson v. Beyer, 987 F.2d
984, 987 (3d Cir. 1993).  This means that the claims heard by the
state courts must be the "substantial equivalent" of the claims
asserted in the federal habeas petition.  See Picard, 404 U.S. at
275.  Reliance on the same constitutional provision is not
sufficient; the legal theory and factual predicate must also be
the same with regard to each particular claim.  See id. at 277.
For instance, if – during his/her state litigations – a
petitioner asserts two different factual predicates (i.e., two
different sets of factual events) and two different federal
claims, with each claim being correlated to its particular
factual predicate, the petitioner cannot later "cris-cross" these
factual predicates and claims for the purposes of his federal
habeas proceedings.  To illustrate, if – during his/her state
proceedings – a petitioner asserts that: (a) his/her counsel
provided ineffective assistance by failing to object to certain
remarks made by the prosecutor, and (b) that his/her trial court
violated the petitioner's rights by denying him/her an
opportunity to cross-examine a certain witness, the petitioner
cannot later "repackage" or "cross-match" these challenges during
his/her federal habeas proceedings into claims asserting that:
(a) his counsel was ineffective by failing to seek an opportunity
to cross-examine that witness; and (b) the trial court violated
the petitioner's rights by failing to instruct the jurors to
ignore the prosecutor's remark.  The rationale of the
"substantial equivalent" requirement is self-evident in light of
the standard of review applicable to federal habeas actions:
habeas relief focuses on whether the state court's adjudication
of the petitioner claim "resulted . . . or involved an
unreasonable application of . . . Supreme Court precedent."  28
U.S.C. § 2254(d).  If the legal theory and/or the factual
predicate of each claim presented to the state courts differed
from the legal theory and factual predicate of the claim
presented for federal habeas review, the federal court has no
basis to conclude that the state courts unreasonably applied the
governing Supreme Court precedent, because each Supreme Court
precedent (and any legal precedent) is composed of a particular
factual predicate and a particular rule of law, and so this
precedent can only be applied to substantially same set of
circumstances and legal challenges.

b.   A state prisoner applying for a writ of habeas corpus
in federal court must first "exhaust[] the remedies
available in the courts of the State," unless "there is
an absence of available State corrective process[] or .
. . circumstances exist that render such process
ineffective."  28 U.S.C. § 2254(b)(1); <u>Rose v. Lundy</u>,
455 U.S. 509, 515 (1982); <u>Toulson v. Beyer</u>, 987 F.2d
984, 987 (3d Cir. 1993); <u>Duarte v. Hershberger</u>, 947 F.
Supp. 146 (D.N.J. 1996); <u>see also</u> <u>Lambert v. Blackwell</u>,
134 F.3d 506, 513 (3d Cir. 1997), <u>cert. denied</u>, 532
U.S. 919 (2001) (finding that "Supreme Court precedent
and the AEDPA mandate that prior to determining the
merits of [a] petition, [a court] must consider whether
[petitioner] is required to present [his or her]
unexhausted claims to the [state's] courts").  The
courts of a state must be afforded an "opportunity to
pass upon and correct alleged violations of its
prisoners' federal rights."[3]  <u>Wilwording v. Swenson</u>,

---

[3]  Exhaustion is not a jurisdictional requirement; rather,
it is designed to allow state courts the first opportunity to
pass upon federal constitutional claims, in furtherance of the
policies of comity and federalism.  <u>See</u> <u>Granberry v. Greer</u>, 481
U.S. 129 (1987); <u>Rose</u>, 455 U.S. at 516-18; <u>Evans</u>, 959 F.2d at
1230; <u>O'Halloran v. Ryan</u>, 835 F.2d 506, 509 (3d Cir. 1987).
Exhaustion also has the practical effect of permitting
development of a complete factual record in state court, to aid
the federal courts in their review.  <u>See</u> <u>Rose</u>, 455 U.S. at 519;
<u>Castille v. Peoples</u>, 489 U.S. 346, 349 (1989).

404 U.S. 249, 250 (1971); <u>Picard v. Connor</u>, 404 U.S.
270, 275 (1971); <u>Evans v. Court of Common Pleas, Del.
Cty., Pa.</u>, 959 F.2d 1227, 1230 (3d Cir. 1992), <u>cert.
dismissed</u>, 506 U.S. 1089 (1993).

i.    A petitioner must exhaust state remedies by
      presenting his federal constitutional claims to
      each level of the state courts empowered to hear
      those claims, either on direct appeal or in post-
      conviction proceedings.  <u>See</u> <u>Ross v. Petsock</u>, 868
      F.2d 639 (3d Cir. 1989); <u>see also</u> <u>O'Sullivan v.
      Boerckel</u>, 526 U.S. 838 (1999) ("requiring state
      prisoners [in order to fully exhaust their claims]
      to file petitions for discretionary review when
      that review is part of the ordinary appellate
      review procedure in the State"); 28 U.S.C. §
      2254(c).  "An applicant shall not be deemed to
      have exhausted the remedies available in the
      courts of the State, within the meaning of this
      section, if he has the right under the law of the
      State to raise, by any available procedure, the
      question presented").  Only if a petitioner's
      federal claims have been fairly presented to each
      level of the state court, including the state's
      highest court, the exhaustion requirement is

satisfied.  See Picard, 404 U.S. at 275; Castille, 489 U.S. at 350.

ii. Where any available procedure remains, even only a theoretical or hypothetical one, for the applicant to raise the question presented in the courts of the state, the petitioner has not exhausted the available remedies.  See 28 U.S.C. § 2254(c). Federal courts have consistently adhered to the exhaustion doctrine "for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation."  Picard, 404 U.S. at  275 (citations and internal quotation marks omitted).

iii. Correspondingly, district courts should dismiss petitions containing unexhausted claims, even if it is not likely that a state court will consider the claims on the merits.  See Rose, 455 U.S. at 522; Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly

9

require a finding of default, we hold that the
district court should have dismissed the petition
without prejudice for failure to exhaust state
remedies"). Analogously, if a petition contains a
mix of duly exhausted and unexhausted claim (such
petitions are referred to as "mixed" petitions),
the petition is also subject to dismissal.

> Faced with [a] "mixed" petition, the
> District Court ha[s] four options: [(1)]
> dismiss the petition without prejudice
> under Rose [v. Lundy, 455 U.S. 509,
> unless such dismissal would mean that
> the petitioner's amended petition would
> necessarily be bound for dismissal as
> untimely, see Urcinoli, 546 F. 3d 269],
> [(2)] "stay and abey" under Rhines [v.
> Weber, 544 U.S. 269 (2005)], [(3)] allow
> [the petitioner] to delete his
> unexhausted claims, see Rhines, 544 U.S.
> at 278, or, [(4)] if all of his claims
> are meritless, deny the petition under §
> 2254(b)(2) (allowing denial of a
> petition on the merits "notwithstanding
> the failure of the applicant to exhaust
> . . .").

Mahoney v. Bostel, 2010 U.S. App. LEXIS 3916, at
*5-6 (3d Cir. N.J. Feb. 24, 2010) (footnote
omitted).

iv.  However, a different analysis applies to those
petitions that consist of (or include within
themselves) unexhausted challenges with regard to
which the petitioner cannot obtain state court
review. Section 2254(b)(1)(B)(i) excuses

exhaustion where there is "an absence of available
State corrective process."  28 U.S.C. §
2254(b)(1)(B)(i); <u>see</u> <u>also</u> <u>Duckworth v. Serrano</u>,
454 U.S. 1, 3 (1981) (<u>per</u> <u>curiam</u>).  Therefore, a
petition containing claims which are unexhausted
but procedurally barred will not be dismissed as
unexhausted.  "Although the unexhausted claims may
not have been presented to [all levels or the
highest level of] the state court, exhaustion is
[facially] not possible [if] the state court
[found] the claims procedurally defaulted."
<u>Toulson</u>, 987 F.2d at 987; <u>accord</u> <u>Coleman v.</u>
<u>Thompson</u>, 501 U.S. 722, 730-32 & n.1 (1991);
<u>Harris v. Reed</u>, 489 U.S. 255 (1989).  In
determining whether state court review is
"available" under § 2254(b)(1)(B) and (c), the
courts "turn [their] attention to the actuality
that the state courts would refuse to entertain"
the petitioner's federal claims. <u>Lambert</u>, 134 F.3d
at 516; <u>Christy</u>, 115 F.3d at 207.  In other words,
if "a state court decision exists indicating that
a habeas petitioner is clearly precluded from
state court relief, the federal habeas claim

should [not] be dismissed for nonexhaustion."
Lambert, 134 F.3d at 517.

v.    That being said, while the doctrine of procedural
      default excuses exhaustion, it is a double-edged
      sword, i.e., it was not created as an incentive
      for state litigants to circumvent state court
      review and, hence, does not envision a "reward" to
      those litigants who procedurally default their
      claims.  When a petitioner's failure to comply
      with a state procedural rule has prevented the
      state courts from reaching the merits of his
      federal claims, federal habeas review of those
      claims is ordinarily barred.  See Ylst v.
      Nunnemaker, 501 U.S. 797, 801 (1991).
      Specifically, reliance by the last state court on
      an "adequate and independent finding of procedural
      default will bar federal habeas review of [the
      petitioner's defaulted] federal claim, unless the
      habeas petitioner can show 'cause' for the default
      and 'prejudice' attributable thereto, or
      demonstrate that failure to consider the federal
      claim will result in a fundamental miscarriage of
      justice."  Harris, 489 U.S. at 262 (citations and
      internal quotation marks omitted); accord Coleman,

501 U.S. at 750; <u>Cabrera v. Barbo</u>, 175 F.3d 307, 312-14 (3d Cir. 1999); <u>Sistrunk v. Vaughn</u>, 96 F.3d 666, 673 (3d Cir. 1996); <u>see also Haley</u>, 541 U.S. at 392-93; <u>Murray v. Carrier</u>, 477 U.S. 478, 485(1986); <u>Hubbard</u>, 378 F.3d at 339; <u>McCandless v. Vaughn</u>, 172 F.3d 255, 260 (3d Cir. 1999).

vi. The "cause" standard requires a petitioner to show that some objective factor external to the defense impeded his efforts to comply with the state procedural rule.  See <u>Coleman</u>, 501 U.S. at 752 (citing <u>Murray</u>, 477 U.S. at 488).  In the absence of a Sixth Amendment violation, the petitioner bears the risk in federal habeas for all attorney errors made in the course of the representation. <u>See Coleman</u>, 501 U.S. at 754.  In other words, neither a <u>pro</u> <u>se</u> prisoner's ignorance of the procedural rule nor inadvertence satisfies the cause standard.  <u>See Murray</u>, 477 U.S. at 485-87. Analogously, the state court's refusal to "bend the rules" for a <u>pro</u> <u>se</u> litigant is not a valid "cause."  See <u>Caswell v. Ryan</u>, 953 F.2d 853, 862 (3d Cir. 1992).

vii. To establish "prejudice," a petitioner must prove "'not merely that the errors at . . . trial

13

created a possibility of prejudice, but that they
worked to his actual and substantial disadvantage,
infecting his entire trial with error of
constitutional dimension.'" <u>Murray</u>, 477 U.S. at
494 (quoting <u>United States v. Frady</u>, 456 U.S. 152,
170 (1982)).  In the context of an ineffective
assistance claim, the Court of Appeals for the
Third Circuit has held that prejudice occurs only
where "there is a reasonable probability [rather
than a mere possibility] that, but for counsel's
deficient performance, the result of the
proceeding would have been different."[4]  <u>Sistrunk</u>,
96 F.3d at 670.

viii. Finally, in order to establish that failure to
review an otherwise procedurally defaulted claim
will result in a "miscarriage of justice," a
petitioner must show that "a constitutional
violation has probably resulted in the conviction

--------

[4]  In <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012), the Supreme
Court held that a prisoner may establish cause for the procedural
default of an ineffective assistance of counsel claim by
demonstrating that his or her counsel in an "initial-review
collateral proceeding" provided ineffective assistance of
counsel.  <u>See</u> <u>Martinez</u>, 132 S. Ct. at 1315. Thus, the <u>Martinez</u>,
Court created a narrow exception to the rule set forth in <u>Coleman
v. Thompson</u>, 501 U.S. at 753-54, that an attorney's errors in a
post-conviction collateral proceeding do not constitute cause to
excuse a procedural default.

of one who is actually innocent." <u>Murray</u>, 477

U.S. at 496.  "Thus, to establish a miscarriage of

justice, the petitioner must prove that it is more

likely than not that no reasonable juror would

have convicted him." <u>Werts</u>, 228 F.3d at 193

(citing <u>Schlup v. Delo</u>, 513 U.S. 298, 326 (1995)).

   ix.  Notably, the procedural default applies to both

state appellate and collateral proceedings.[5] <u>See</u>

<u>Coleman</u>, 501 U.S. at 732.

9.  Here, it appears that Petitioner's direct appellate

challenges are facially unexhausted, since: (a) Petitioner

did not seek certification from the Supreme Court of New

Jersey as to those challenges; and, moreover, (b) these

challenges cannot qualify for excuse from exhaustion as

procedurally defaulted until and unless the Supreme Court of

New Jersey denies review.  Therefore, Petitioner may either

withdraw his § 2254 claims based on such unexhausted direct

appellate challenges or attempt to complete their exhaustion

in the state court.

---

   [5]  Conversely, if the last state court to be presented with
a particular federal claim reaches the merits, it removes any bar
to federal review.  <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. at 801.  For
instance, such scenario occurs when the state court dismisses a
claim on alternative grounds, <u>i.e.</u>, as procedurally defaulted
and, in addition, on merits.

10.  In addition, it appears that Petitioner's second PCR
     challenges have been procedurally defaulted, being dismissed
     by the state courts on purely procedural, state law based
     ground of untimeliness.  Therefore, Petitioner may either
     withdraw these challenges or attempt to overcome the
     procedural default bar by asserting facts warranting excuse
     of non-exhaustion and resolution of these claims on merit.

11.  Since this Court has no means to determine whether
     Petitioner would prefer to proceed only with his claims that
     had been fully exhausted at all three levels of the state
     court (and/or with his procedurally defaulted claims raised
     during his second PCR, that is, in the event Petitioner has
     bona fide basis to overcome the procedural default bar), or
     if he prefers to seek certification of his direct appellate
     challenges in order to include those claims in his § 2254
     habeas petition, this Court – out of abundance of caution –
     will extend Petitioner's stay in Salas-I in order to allow
     Petitioner's an opportunity to reflect on his choices,
     inform this Court of his elections and take appropriate
     actions, if any, in the state court.

     IT IS, therefore, on this __25th____ day of _April___, 2013,
ORDERED that the Clerk shall terminate Salas v. Warren,
Civil Action No. 12-4275 (NLH) (D.N.J.), as duplicative of Salas
v. Warren, Civil Action No. 11-5154 (NLH) (D.N.J.), by making a

16

new and separate entry on the docket reading "CIVIL ACTION
TERMINATED";[6] and it is further

ORDERED that the Clerk shall reopen Salas v. Warren, Civil
Action No. 11-5154 (NLH) (D.N.J.), for the purposes of this
Court's examination of Petitioner's letter docketed in that
matter as Docket Entry No. 8, by making a new and separate entry
on the docket reading "CIVIL ACTION REOPENED"; and it is further

ORDERED that stay of Salas v. Warren, Civil Action No. 11-
5154 (NLH) (D.N.J.), is extended for the period of ninety days,
in order to allow Petitioner an opportunity to reflect on his
options and make his elections; and it is further

ORDERED that, within ninety days from the date of entry of
this Memorandum Opinion and Order, Petitioner shall either: (a)
file in Salas v. Warren, Civil Action No. 11-5154 (NLH) (D.N.J.),
a written statement informing this Court that Petitioner would
seek certification with regard to his unexhausted direct
appellate claims and, in addition, Petitioner shall, in fact,
file such application for certification, and inform this Court
within sixty days from having that application for certification
resolved by the Supreme Court of New Jersey; or (b) file in Salas
v. Warren, Civil Action No. 11-5154 (NLH) (D.N.J.), Petitioner's
all-inclusive amended petition asserting only Petitioner's duly

---

[6]  Petitioner's filing fee submitted in Salas v. Warren,
Civil Action No. 12-4275 (NLH) (D.N.J.), will be applied to his
action in Salas v. Warren, Civil Action No. 11-5154 (NLH).

17

exhausted federal claims (and the factual predicate supporting those claims) and/or Petitioner's procedurally defaulted federal claims, if any (and the factual predicate supporting those claims), provided that Petitioner states facts establishing a basis for excuse of exhaustion; and it is further

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by regular U.S. mail and include in said mailing a blank Section 2254 form; and it is further

ORDERED that the Clerk shall administratively terminate Salas v. Warren, Civil Action No. 11-5154 (NLH) (D.N.J.), by making a new and separate entry on the docket reading "CIVIL ACTION TERMINATED"; and it is finally

ORDERED that administrative termination of Salas v. Warren, Civil Action No. 11-5154 (NLH) (D.N.J.), is not a dismissal on merits, and no statement made in this Memorandum Opinion and Order shall be construed as indicative of this Court's withdrawal of its jurisdiction over that matter.

 s/ Noel L. Hillman
**NOEL L. HILLMAN,**
**United States District Judge**

At Camden, New Jersey

18