```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                              :
JUAN C. SALAS,                :
                              :
          Petitioner,         :   Civ. No. 16-2018 (NLH)
                              :
     v.                       :
                              :
STEVEN JOHNSON, et al.,       :
                              :
          Respondents.        :
_____:
                              :
JUAN C. SALAS,                :   Civ. No. 11-5154 (NLH)
                              :
          Petitioner,         :
                              :
     v.                       :   MEMORANDUM OPINION & ORDER
                              :
CHARLES WARREN, et al.,       :
                              :
          Respondents.        :
_____:
```

The instant matter has a complicated procedural history. On or about September 8, 2011, Juan C. Salas, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 which gave rise to the case Salas v. Warren, No. 11-5154 (NLH) (D.N.J.) ("Salas-I"). (Salas-I, ECF No. 1). Because it was apparent that all of the claims raised in Salas-I were not fully exhausted, and because Petitioner indicated that he was pursuing a second Post-Conviction Relief ("PCR") petition, this Court granted Petitioner a stay and abeyance. (Salas-I, ECF No. 6). This Court also informed Petitioner of his rights, pursuant to

the holding in Mason v. Meyers, 208 F.3 414 (3d Cir. 2000). (Id.).

On June 19, 2012, Petitioner submitted a letter in Salas-I indicating that his second PCR application had been denied as untimely; but that he wished to include the challenges raised in that second PCR in his § 2254 petition. (Salas-I, ECF No. 8). Petitioner also requested a blank § 2254 petition.

On or about July 11, 2012, the Clerk of the Court received from Petitioner another complete § 2254 petition, which gave rise to Petitioner's second habeas case, Salas v. Warren, No. 12-4275 (NLH) (D.N.J.) ("Salas-II"). (Salas-II, ECF No. 1). Upon recognizing that Salas-II was a duplicate of Salas-I, on April 26, 2013, this Court directed the Clerk to terminate Salas-II, and elected to proceed solely with Petitioner's Salas-I action in order to eliminate any statute of limitations concerns. (Salas-I, ECF No. 9).

In this Court's April 26, 2013 Order, however, it noted that Petitioner indicated he wished to raise in his § 2254 petition

> (a) all his state and federal law based challenges raised on direct appeal to the Appellate Division but not challenged before the Supreme Court of New Jersey; (b) all his state and federal law based challenges raised, during his first PCR, to the Law Division, Appellate Division and the Supreme Court of New Jersey; and (c) all his state and federal law based challenges raised and dismissed as untimely during his second PCR, this Court finds it warranted to note the

>    following legal concepts which Petitioner should
>    consider prior to executing his all-inclusive
>    petition.

(Salas-I, ECF No. 9 at 4).

In recognizing that Petitioner intended raise claims which may have exceeded the scope of federal habeas review, and which appeared to be facially unexhausted, this Court discussed these concepts in detail in its April 26, 2013 Order. (Id. at 4-14).

Specifically, this Court noted that Petitioner had never sought certification from the New Jersey Supreme Court for challenges he raised on direct appeal.  Accordingly, this Court informed Petitioner that he may either withdraw his § 2254 claims based on his unexhausted direct appellate challenges, or attempt to complete their exhaustion in the state court.

Further, this Court noted that it appeared that the challenges raised in Petitioner's second PCR petition were procedurally defaulted because the PCR court dismissed them based on purely procedural, state law grounds of untimeliness. Accordingly, this Court informed Petitioner that he may either withdraw these challenges or attempt to overcome the procedural default bar by asserting facts warranting excuse of non-exhaustion and resolution of these claims on their merits.

The Court extended the stay in Salas-I in order to afford Petitioner the opportunity to make an informed decision, and/or to take appropriate action in the state court.

In a letter dated July 12, 2013, Petitioner indicated that he wished to seek certification with regard to his unexhausted direct appellate claims. (Salas-I, ECF No. 10).

Based on this Court's research, it appears that at the time Petitioner filed his July 12, 2013 letter, his third PCR petition was pending before the state court.  Specifically, his third PCR petition was denied by the trial court on June 24, 2013, and the appellate division affirmed that decision on June 3, 2015. State v. Salas, No. A-5469-12T3, 2015 WL 3476924 (N.J. Super. Ct. App. Div. June 3, 2015).  The Supreme Court of New Jersey denied certification on February 5, 2016. State v. Salas, 224 N.J. 245, 130 A.3d 1247 (2016).

Thereafter, Petitioner submitted another § 2254 petition on or about April 11, 2016, which gave rise to the instant case, Salas v. Johnson, No. 16-2018 (NLH) (D.N.J.) ("Salas-III"). (Salas-III, ECF No. 1).  It is apparent, however, that Petitioner's Salas-III action challenges the same conviction and sentence as his Salas-I proceeding.

> The power of a federal court to prevent duplicative litigation is intended "to foster judicial economy and the 'comprehensive disposition of litigation,'" Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) (quoting Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183, 72 S. Ct. 219, 96 L.Ed. 200 (1952)), and "to protect parties from 'the vexation of concurrent litigation over the same subject matter.'" Id. (quoting Adam v. Jacobs, 950 F.2d 89, 93 (2d Cir. 1991)).

Gumbs v. Univ. of Med. & Dentistry of New Jersey, No. CIV.A. 13-1749 SRC, 2014 WL 4284469, at *1 (D.N.J. Aug. 28, 2014).

Therefore, this Court will direct the Clerk of the Court to terminate Salas-III and will proceed solely with Petitioner's Salas-I action.  As explained this Court's April 26, 2013 Opinion, the election in favor of Salas-I is made to eliminate any statute of limitation concerns.  See Urcinoli v. Cathel, 546 F.3d 269, 272 (3d Cir. 2008).  Because the filing fee Petitioner submitted with his Salas-II petition was applied to his action in Salas-I, it was unnecessary for Petitioner to pay a new filing fee in relation to his Salas-III action.  Therefore, the Clerk of the Court will be directed to refund Petitioner the $5 paid in connection with Salas-III.

However, this Court notes that in Salas-III, Petitioner asserts only one claim for relief; namely, that his sentence was unconstitutional in light of the Supreme Court's ruling in Miller v. Alabama, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).  (Salas-III, ECF No. 1 at 5).  It is unclear to the Court whether Petitioner has abandoned the claims initially raised in Salas-I, and wishes the Petition in Salas-III to be his one all-inclusive Petition.  Petitioner has previously been informed, as required by Mason v. Meyers, 208 F.3d 414, of his rights and obligations as the result of filing a petition pursuant to 28 U.S.C. § 2254.  (Salas-I, ECF No. 6 at 8-9, n.7).  Nevertheless, this Court

again takes the opportunity to inform Petitioner that — under the Antiterrorism and Effective Death Penalty Act ("AEDPA") — prisoners challenging the legality of their detention pursuant to the judgment of a state court must bring in one § 2254 petition all the arguments they have to collaterally attack the state judgment and, except in extremely limited circumstances, must file this one all-inclusive petition within one year of the date on which the judgment of conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d).

Because it is unclear what claims Petitioner seeks to raise in his one all-inclusive habeas petition, this Court will afford Petitioner one final opportunity to submit an Amended Petition which sets forth all claims he intends to raise.  Petitioner is again reminded that his challenges should be limited to claims based on federal law that were duly exhausted in the state courts.[1]  To the extent his claims remain unexhausted, Petitioner may withdraw these challenges or attempt to overcome any

---

[1] This Court will direct the Clerk of the Court to provide Petitioner with a copy of its April 26, 2013 Memorandum Opinion and Order. (Salas-I, ECF No. 9).  Petitioner may consult that document for an in-depth discussion regarding the scope of federal habeas review and exhaustion.

procedural default by asserting facts warranting excuse of non-exhaustion and resolution of these claims on their merits.[2]

Because this Court is uncertain how Petitioner wishes to proceed in this matter — out of an abundance of caution — this Court will extend Petitioner's stay in Salas-I in order to allow Petitioner an opportunity to contemplate his options and make an informed decision.  Petitioner is required to notify this Court of his decision, in writing, within 45 days of the date of this Order.  Therefore,

IT IS on this  19th   day of    May    , 2016,

ORDERED that the Clerk of the Court shall reopen Salas v. Warren, No. 11-5154 (NLH) (D.N.J.), for the purpose of entering this Memorandum Opinion and Order, by making a new and separate entry on the docket reading "CIVIL ACTION REOPENED"; and it is further

ORDERED that the Clerk of the Court shall terminate Salas v. Johnson, No. 16-2018 (NLH) (D.N.J.), as duplicative of Salas v. Warren, No. 11-5154 (NLH) (D.N.J.), by making a new and separate entry on the docket reading "CIVIL ACTION TERMINATED"; and it is further

---

[2] Petitioner has not expressed any intention to return to state court to exhaust any unexhausted claims.  To the extent he wishes to do so, he must notify this Court, in writing.

ORDERED that the Clerk of the Court shall refund Petitioner the $5 filing fee paid in connection with Salas v. Johnson, No. 16-2018 (NLH) (D.N.J.); and it is further

ORDERED that stay of Salas v. Warren, No. 11-5154 (NLH) (D.N.J.), is extended for a period of 45 days, in order to allow Petitioner an opportunity to reflect on his options and make his elections; and it is further

ORDERED that that, within 45 days from the date of entry of this Memorandum Opinion and Order, Petitioner shall file in Salas v. Warren, No. 11-5154 (NLH) (D.N.J.), an Amended Petition which represents his one all-inclusive petition and which sets forth all claims he seeks to assert in this action; and Petitioner is reminded that his challenges must be limited to claims based on federal law that were duly exhausted in the state courts, or for which failure to exhaust should be excused; and it is further

ORDERED that the Clerk of the Court shall administratively terminate Salas v. Warren, No. 11-5154 (NLH) (D.N.J.), by making a new and separate entry on the docket reading "CIVIL ACTION TERMINATED"; and it is further

ORDERED that the administrative termination of Salas v. Warren, No. 11-5154 (NLH) (D.N.J.), is not a dismissal on the merits, and no statement made in this Memorandum Opinion and

Order shall be construed as indicative of this Court's withdrawal of its jurisdiction over that matter; and it is further

ORDERED that the Clerk of the Court shall forward to Petitioner a blank § 2254 habeas petition form — AO 241 (modified): DNJ-Habeas-008 (Rev.01-2014) — to be used in the event Petitioner wishes to submit an Amended Petition; and it is further

ORDERED that the Clerk of the Court shall forward to Petitioner a copy of this Court's April 26, 2013 Memorandum Opinion and Order in Salas v. Warren, No. 11-5154 (NLH) (D.N.J.), (Salas-I ECF No. 9); and it is further

ORDERED that, if Petitioner does not, within 45 days after the entry of this Order, file a written statement informing the Court of how he wishes to proceed — along with an Amended Petition which represents his one all-inclusive petition — then the Court will proceed using the most recently submitted petition, (Salas-III, ECF No. 1), as filed; and it is further

ORDERED that the Clerk of the Court shall serve this Order on Petitioner by regular U.S. mail.

                                           ___s/ Noel L. Hillman_____
                                           NOEL L. HILLMAN
                                           United States District Judge

At Camden, New Jersey